**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**VICTORIA HALL**,

      **Plaintiff,**

**vs.**                                     **CIVIL ACTION NO. 2:26-CV-00250**

**JULIE POLEY, *ET AL*.,**

      **Defendants.**

**<u>PROPOSED FINDINGS AND RECOMMENDATION</u>**

On April 6, 2026, the Plaintiff, acting *pro se*, filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), along with a "Complaint" (ECF No. 2). On April 7, 2026, the Clerk sent the Plaintiff a copy of the Standing Order notifying the Plaintiff that this action was referred to the undersigned Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition (ECF No. 3). On April 24, 2026, the mail sent to the Plaintiff by the Clerk was returned as undeliverable; however, because the Plaintiff failed to provide any additional or new mailing address, the Standing Order was not resent (ECF No. 4). Because the Plaintiff failed to provide any additional or new mailing address, the undersigned observes that an order directing this Plaintiff to amend would be fruitless and a waste of judicial resources.

Further, having examined the "Complaint"[1] (ECF No. 2), the undersigned also concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the

---

[1] While it is the undersigned's practice to allow *pro se* litigants to amend their complaints when upon initial review there appears no cognizable claim for relief, and because the Standing Order was returned as undeliverable, the undersigned finds this matter should be dismissed for lack of subject matter jurisdiction, failure to state a claim, and/or for failure to comply with this District's Local Rules ensuring the Clerk has a proper address for *pro se* litigants.

Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[2]

The undersigned finds the Plaintiff's complaint fails to state sufficient facts supporting the basis for this Court's jurisdiction, and fails to allege sufficient facts as to what claims, if any, the Plaintiff was alleging. Accordingly, the undersigned has determined that in addition to failing to provide any facts warranting this Court's jurisdiction, the Plaintiff has also failed to take any steps to prosecute this action because he has failed to update his mailing address as required pursuant to L.R. Civ. P. 83.5[3] [4] [5], therefore, this case should be dismissed.

---

[2] Because the Plaintiff is proceeding *pro se*, the documents the Plaintiff filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).

[3] LR Civ P 83.5. *Pro se* Appearances

> A party who represents himself or herself shall file with the clerk his or her complete name and address where pleadings, notices, orders, and other papers may be served on him or her, and his/her telephone number. A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.

[4] See also, Rule 41(b) of the Federal Rules of Civil Procedure:

> **(b) Involuntary Dismissal: Effect**. *If the plaintiff fails to prosecute or to comply with these rules or any order of court*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits. (*emphasis* added)

[5] See also, Rule 41.1 of the Local Rules:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that *the parties have shown no interest in further prosecution*, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority. (*emphasis* added)

**The Standard**

As noted *supra*, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See <u>Randolph v. Baltimore City States Atty.</u>, 2014 WL 5293708, at \*2 (D. Md. Oct. 14, 2014), *aff'd*, <u>Randolph v. New Technology</u>, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id</u>., 490 U.S. at 327. Although the standards for screening pursuant to Section 1915A and a Rule 12(b)(6) motion may be the same, a Court should look with "a far more forgiving eye" when examining whether a complaint rests on a meritless legal theory. <u>Nancy v. Kelly</u>, 912 F.2d 605, 607 (2nd Cir. 1990). A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." <u>Id</u>., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); <u>Coleman v. Peyton</u>, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972), *quoting* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however,

the District Court may not dismiss the Complaint, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[6], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." <u>Miller v. Jack</u>, 2007 WL 2050409, at *3 (N.D.W. Va. 2007) (citing <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)).

**Analysis**

Per the exceedingly sparse allegations contained in the Plaintiff's Complaint, it appears that she is suing the defendants for violating the Plaintiff's Fourteenth Amendment rights. The Plaintiff seeks "a reasonable amount" in damages. The Plaintiff does not provide any address or indicate a location for the named defendants for service. The Plaintiff does not even allege where or how her constitutional rights were violated by the defendants. The Plaintiff does not allege whether the defendants were acting under color of law.

---

[6] <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1295 (1978).

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that the Federal Courts have jurisdiction over cases involving federal questions: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).[7] As noted *supra*, there are simply insufficient facts alleged here that justify this Court's jurisdiction under either Section.

To the extent the Plaintiff has asserted a claim pursuant to 42 U.S.C. § 1983, she must establish three elements to state a cause of action: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; and (3) acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 540 (1983); Hall v. Quillen, 631 F.2d 1154, 1155–1156 (4th Cir. 1980). Given that basic premises of federal jurisdiction are limited, the Plaintiff must affirmatively plead

---

[7] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

  (1) citizens of different states;

  (2) citizens of a State and citizens or subjects of a foreign state;

  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

facts supporting jurisdiction. See Pinkley, Inc. v. City of Frederick, MD, 191 F.3d 394, 399 (4th Cir. 1999) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) ("the party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleadings the facts essential to show jurisdiction"). The factual allegations presented here do not support this Court's jurisdiction over the Plaintiff's claims pursuant to Sections 1331 or 1332 because they are simply lacking.

To that extent, the undersigned would adopt the analysis and legal conclusion provided by Judge Byron Conway of the United States District Court, Eastern District of Wisconsin's dismissal of a serial plaintiff's threadbare complaint pursuant to 28 U.S.C. § 1915(e) in Chan v. Edwards, 2025 WL 3215724 (E.D. Wis. Nov. 18, 2025):

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).
>
> [Hall]'s complaint does not state any plausible claim for relief. It offers only the barest conclusion without offering any details from which the court can determine as to who the parties are, their relationship, or what specifically allegedly happened between them.
>
> There is also no hint that venue is proper in this district. *See* 28 U.S.C. § 1391. Notably, [Hall] states [s]he lives in [Tupelo, Mississippi]. There is no suggestion that [Hall] or the defendants have any connection to this district. Notably, [Hall] appears to have recently filed a number of identical lawsuits around the country. *See,*

6

*e.g.*, [*Hall v. Poley, et al,* 1:26-cv-00162 (Apr. 3, 2026, N.D. Ind.); *Hall v. Poley, et al.,* 8:26-cv-01302 (D. Md., Apr. 1, 2026); *Hall v. Poley, et al.,* 1:26-cv-00316 (M.D.N.C., Apr. 3, 2026)].

Having failed to state a plausible claim for relief, the court must dismiss [Hall's] complaint. Ordinarily, the court will afford a litigant, particularly a pro se litigant, at least one opportunity to file an amended complaint before dismissing an action. However, [Hall] has provided the court with no reason to suspect that venue is proper in this district or that the court has personal jurisdiction over the defendants. In other words, the court has no reason to believe that [Hall] may be able to present a plausible claim if permitted to amend. Therefore, the court will dismiss this action.

Finally, the court cautions [Hall] that filing the same lawsuit in multiple districts may be regarded as vexatious and an abuse of the legal process. [*See Emrit v. Board of Immigration Appeals,* 2022 WL 4287659 (S.D.W. Va. Mar. 31, 2022) (Tinsley, M.J.), *report and recommendation adopted,* 2022 WL 3594518 (S.D.W. Va. Aug. 23, 2022) (Goodwin, J.) (finding that duplicative or repetitive litigation of virtually identical causes of action is subject to dismissal and prefiling injunction under § 1915(e)(2)(B) as vexatious).] As such, it may result in the imposition of sanctions under 28 U.S.C. § 1927, Fed. R. Civ. P. 11, or the court's inherent authority, which may include monetary penalties or filing bars. *See, e.g.,* [*Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-50 (1991) (citations omitted); *In re Weiss,* 111 F.3d 1159, 1171 (4th Cir. 1997); *Balcar v. Bell and Associates, LLC,* 295 F.Supp.2d 635, 640 (N.D.W. Va. Apr. 4, 2003)].[8]

Alternatively, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, the undersigned observes that District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United

---

[8] Bracketed text used herein to include the names and facts relevant to the matter *sub judice* and to include this District's relevant jurisprudence.

States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010) ("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.' ") (quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)).

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than the Plaintiff is responsible for his failure to provide an updated or proper mailing address that would permit this Court to communicate with him.

In consideration of the second and third factors, the undersigned observes that in addition to failing to keep the Clerk apprised of her mailing address and/or phone number, a Pacer search reveals that this Plaintiff has filed identical complaints against these particular defendants in approximately twenty-six federal courts. As mentioned above, this strongly suggests an abuse of legal process. The undersigned also finds the Pacer search indicates the Plaintiff has a history of "deliberately proceeding in a dilatory fashion" because she failed to properly amend her threadbare complaints as ordered by those federal courts. See, e.g., *Hall v. Poley, et al.*, No. 8:26-cv-01302 (D. Md. Apr. 21, 2026) (Plaintiff failed to correct the deficiencies in her complaint no later than April 20, 2026). This Court has determined that "only a history of dilatory action" by a plaintiff

8

weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, *4 (S.D.W. Va. Aug. 14, 2014) (Johnston, J.) ("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff."). In short, due to the Plaintiff's inaction in this case beyond the filing of a wholly inadequate complaint, the undersigned finds that not only is the Court deprived of its ability and duty to ensure these proceedings move forward to a conclusion on the merits, but it also appears the Plaintiff was not entirely invested in prosecuting this matter in the first place, given that she has filed the identical complaint across the nation. Thus, the undersigned finds these factors weigh against the Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against the Plaintiff that should not be invoked lightly. The particular circumstances of this case do not warrant a lesser sanction – as stated *supra*, the Plaintiff filed a complaint that utterly fails to comply with any pleading standards, and will be unable to respond to any directive from this Court to timely amend his complaint because she failed to provide a proper mailing address. An assessment of fines, costs, or damages against the Plaintiff would be unjust in view of the Plaintiff's application to proceed without prepayment of fees and status as a *pro se* litigant (additionally, it would be unlikely under the circumstances here that the Clerk would be able to mail any notice of such an assessment to this particular plaintiff, and would only result in an additional waste of judicial resources). Moreover, explicit warnings of dismissal would be ineffective in view of the Plaintiff's lack of mailing address or phone number. In consideration of all factors, the undersigned also concludes that dismissal for failure to prosecute is warranted.

Accordingly, the undersigned recommends that this action be dismissed without prejudice because this Court lacks jurisdiction over this Plaintiff's claims as alleged, or alternatively, unless the Plaintiff is able to show good cause for failure to prosecute this action.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Judge **DENY** the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and **DISMISS** this action from the Court's docket without prejudice.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is directed to mail a copy of this Order to the Plaintiff, who is acting *pro se*.

10

**ENTER**: April 27, 2026.



Omar J. Aboulhosn
United States Magistrate Judge